JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Mohamed Abdullahi Ahmed,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-03605-PHX-SMB (MTM)

**ORDER**

Petitioner brings a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) challenging his immigration detention. Petitioner alleges his 16-month detention without an individualized bond hearing in unreasonably prolonged, in violation of the Due Process Clause of the Fifth Amendment.

Petitioner is a native and citizen of Somalia who entered the United States without inspection on December 13, 2024. Immigration officials apprehended Petitioner shortly after he entered the United States, and he has been detained since then. Once in custody, Petitioner expressed a fear of return to Somalia and his intent to seek asylum. On January 23, 2025, an asylum officer determined Petitioner had a credible fear. On January 13, 2025, the Department of Homeland Security served Petitioner with a Notice to Appear, initiating removal proceedings under 8 U.S.C. § 1229(a).

On August 12, 2025, an Immigration Judge ordered Petitioner removed from the United States. Petitioner appealed the decision to the Board of Immigration Appeals. His

appeal was dismissed on February 28, 2026.  Petitioner filed a Petition for Review in the Ninth Circuit Court of Appeals, which remains pending.

Petitioner contends his procedural due process rights under the Fifth Amendment have been violated because he has been subject to unreasonably prolonged detention.  He further asserts that his detention violates his right to substantive to due process under the Fifth Amendment.

Congress has specified that aliens determined to have a credible fear of persecution "shall be detained for further consideration of the application for asylum."  8 U.S.C. § 1225(b)(1)(B)(ii).  The Court finds Petitioner's 16-month detention while he has pursued his asylum claim in the immigration court, the Board of Immigration Appeals, and the Ninth Circuit, is not unreasonably prolonged.[1]  The Court will therefore deny the Petition and dismiss this case.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[1] The Court is aware that that other district courts in the Ninth Circuit have applied various formulations of tests to assess an alien's prolonged detention claim under the Due Process Clause, but this Court is not bound by those decisions.  *See NASD Dispute Resolution, Inc. v. Judicial Council of State of Cal.*, 488 F.3d 1065, 1069 (9th Cir. 2007) (noting that a district court opinion does not have binding precedential effect) (citing *Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2001)) (noting that "the binding authority principle applies only to appellate decisions, and not to trial court decisions").  Both the Ninth Circuit and the Supreme Court "have repeatedly declined to decide constitutional challenges to bond hearing procedures in the immigration detention context," *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1195 (9th Cir. 2022), and the Ninth Circuit has not yet decided whether due process requires a bond hearing for aliens detained under 8 U.S.C. § 1225(b).  In the absence of clear, binding precedent, the Court declines to adopt non-binding decisions.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 3rd day of June, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 3 -